## VIRGINIA RYER, RESPONDENT, *v.* FRANK RYER, APPELLANT.

*Failure to pay alimony — commitment for contempt — form of the order — Code of Civil Procedure, secs. 1772, 1773 — inability to pay, no excuse if caused by the voluntary act of the party — Code of Civil Procedure, sec. 2286.*

The defendant having been committed to prison for a contempt of court in failing to pay alimony awarded and directed to be paid by a judgment for divorce recovered against him by his wife, the plaintiff, moved to be discharged from imprisonment. The order did not recite or adjudge that payment of the alimony could not be enforced by means of security or the sequestration of his property.

*Held,* that neither section 1772 nor section 1773 of the Code of Civil Procedure required such an adjudication to be stated or recited in the order.

That as the order of commitment was made upon notice, and after hearing the attorney for the defendant, and as no appeal had been taken therefrom, it

would not be presumed, when it was attacked in this collateral way, that any defect existed in the proofs upon which it was made.

The defendant sought to be discharged upon the ground that he was unable to pay the alimony as directed by the judgment.

*Held,* that as his inability seemed to have been caused by his having married in another State a second wife in direct violation of the provisions of the judgment of divorce, and was therefore voluntarily and intentionally created, it formed no ground for his discharge.

Appeal from an order made at a Special Term, denying a motion to discharge the defendant from imprisonment.

*Baker, Bailey & Baker,* for the appellant.

*H. M. Collyer,* for the respondent.

Daniels, J. :

The defendant was committed to prison on the 26th of September, 1883, for a contempt of court, caused by a failure to pay alimony awarded by the judgment in this action to the plaintiff, and directed to be paid by him. The order adjudging him in contempt and directing his commitment, contained no adjudication that payment of the alimony could not be enforced by means of security or the sequestration of his property, and it has been objected to as void because of that omission. But neither section 1772 nor section 1773 of the Code of Civil Procedure requires such an adjudication to be stated or recited in the order. All that has been required is, that it shall appear presumptively to the satisfaction of the court that payment cannot be enforced by means of the proceedings prescribed by section 1772, by or resorting to any security given as therein mentioned. And that it did so appear, before the determination was made for the commitment of the defendant, may be presumed from the facts mentioned in his affidavits upon which he applied for his release from imprisonment. The application for the order was made upon notice, and his own counsel was heard in opposition to it, and it is not to be presumed when the order is collaterally attacked and has not been appealed from, that any defect existed in the proofs upon which it was made. Neither the case of *Isaacs* v. *Isaacs* (61 How., 369), nor *Rahl* v. *Rahl* (14 Week. Dig., 560), sustain the objection taken to this order, and under the provisions of the Code regulating the proceed-

ings in which it was made, it is to be presumed to have been warranted by the proofs produced at that time before the court.

The release of the defendant was more especially applied for upon the ground that he was unable to comply with the direction contained in the judgment for the payment of alimony, and when that may appear to be the case, the court has been authorized by section 2286 of the Code to relieve the party from further imprisonment. But in this case the inability of the defendant to pay the small amount directed of five dollars per week, seems to have arisen out of the fact that he, soon after the judgment against him, married again in another State, and by that marriage became obligated to devote his earnings to the maintenance of his second wife. If it had not been for this marriage there is reason to believe, from the statements contained in the affidavits, that he would have been able to comply with the directions for the payment of the alimony contained in the judgment. And as he disabled himself from doing so by this second marriage, his disability was voluntary and intentionally created. This was done by an act prohibited by the judgment recovered against him by the plaintiff, and in defiance of the restraints imposed upon him by its terms. It is true that the second marriage, notwithstanding this judgment was obligatory upon him, as it was solemnized out of this State. But the fact that it was entered into was none the less a violation of the express restraint imposed upon him by the judgment in the action; and having disabled himself from complying with the terms of the judgment by this voluntary and intentional disobedience, he is entitled to no favorable consideration for the purpose of relieving him from the disability and punishment, he has in this manner brought upon himself. The court should not encourage misconduct of this character. For while required to be tolerated, it certainly is not entitled to encouragement where the judgment, as the affidavit shows was its form in this case, prohibits the party in fault from marrying again.

He probably could be punished for a contempt in disregarding and violating the prohibition by afterwards marrying in another State, for the willful disobedience of a lawful mandate of the court is made a criminal contempt. (Code of Civil Pro., § 8, sub. 3.) And the term mandate is so broad in the sense in which it was so

used as to include " a writ, process or other written direction issued pursuant to law * * * by a court or judge, or a person acting as a judicial officer, and commanding a court, board or other body, or an officer or other person named, or otherwise designated therein to do, or refrain from doing, an act therein specified." (Id., § 3343, sub. 2.)

But even if the defendant may not be so punished he is not entitled to the favorable consideration of the court, after having willfully disobeyed the prohibition contained in the judgment forbidding him from marrying again during the lifetime of the plaintiff, and in that manner subjecting himself to the disability producing this imprisonment. As the case is now presented the order refusing his discharge from imprisonment was right and it should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.